UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES EDWARD LATTIMORE,

    Plaintiff,

v.

PRISON HEALTH SERVICES,
MICHIGAN DEPARTMENT OF
CORRECTIONS, LISA REEVES, M.D.,
BENSON MACKALL, BARBRA
FRAGER, LIADI SULEMAN, and SWIFT,

    Defendants.
    _____/

Case No. 11-11403

Honorable Patrick J. Duggan

## OPINION AND ORDER OF SUMMARY DISMISSAL

On April 4, 2011, Charles Lattimore ("Plaintiff"), a state prisoner currently confined at the G. Robert Cotton Correctional Facility in Jackson, Michigan, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. The Court must dismiss any action brought by a plaintiff proceeding *in forma pauperis*, or certain actions filed by a prisoner, if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court reads *pro se* complaints liberally, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972), and accepts Plaintiff's allegations as true unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33, 112 S. Ct. 1728, 1733 (1992). Applying those standards, the Court summarily dismisses Plaintiff's

action for failure to state a claim.

## I. Factual Background

Plaintiff complains of events that allegedly occurred while he was confined at the Mound Correctional Facility in Detroit, Michigan. He alleges that on December 6, 2009, while working on his food service job detail, he slipped and fell on water that had leaked from a broken dishwasher. Compl. ¶ 12. He claims that he suffered injuries to his back and knees in this accident. *Id.* ¶ 15. Plaintiff alleges that he informed Defendant Swift of the incident, and was told that if he "made a big deal" about it, he would be terminated. *Id.* ¶ 13. Plaintiff alleges that he informed Defendant Suleman of the incident, and even though Suleman promised to investigate it, no action was taken. *Id.* ¶ 14.

On December 10, 2009, Plaintiff was apparently seen by Health Care Services. He was placed on "lay in with meals" and "no work" through January 19, 2010 and given pain medication. *Id.* ¶¶ 17-21. On January 4, 2010, Plaintiff indicated that he was still having problems with back pain and requested stronger medication. *Id.* ¶ 23. Plaintiff subsequently asked for a "light duty detail." *Id.* ¶ 28. He was scheduled for follow-up appointments, and was eventually terminated from his position in food services because of his medical issues. Plaintiff claims that he never received any documentation of the incident. *Id.* ¶ 30.

Plaintiff was placed on "light duty work" from February 3, 2010 through March 2, 2010. He claims that he continued to experience back and leg pain, and was told to "purchase ibuprofen at the prison store." *Id.* ¶ 45. Plaintiff acknowledges that he was seen on numerous occasions by medical personnel, but says they ignored his complaints.

He alleges that he continues to suffer from pain in his legs and back.

## II. Discussion

### A. Governing Law

"To state a claim under § 1983, a plaintiff must set forth facts that, when construed favorably, establish: 1) the deprivation of a right secured by the Constitution or laws of the United States; 2) caused by a person acting under the color of state law." *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009) (citing *Dominguez v. Corr. Med. Serv.*, 555 F.3d 543, 549 (6th Cir. 2009)). While a complaint need not contain "detailed factual allegations," a plaintiff's obligation to provide grounds entitling him to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555-56, 127 S. Ct. at 1965 (citations and footnote omitted).

### B. Plaintiff's Eighth Amendment Claim

Plaintiff claims that he was denied proper treatment for his injuries. The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. Prison authorities must provide medical care to prisoners, as a failure to do so would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04, 97 S. Ct. 285, 290-91 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the

serious medical needs of a prisoner. *Id.* at 104-05, 97 S. Ct. at 291.

A claim for the deprivation of adequate medical care has both an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 1977 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* at 834, 114 S. Ct. at 1977. The subjective component requires the plaintiff to show that prison officials have "a sufficiently culpable state of mind" in denying medical care. *Id.* at 834, 114 S. Ct. at 1977. Deliberate indifference "entails something more than mere negligence," but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* at 835, 114 S. Ct. at 1978. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837, 114 S. Ct. at 1979.

Thus, not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105, 97 S. Ct. at 291. As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Id.* at 105-06, 97 S. Ct. at 292 (quotations omitted). Where, as here, "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment,

4

federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). A difference of opinion between a prisoner and the treating physician over diagnosis or treatment fails to state an Eighth Amendment claim of deliberate indifference to a serious medical need. *Hix v. Tenn. Dep't of Corr.*, 196 F. App'x 350, 357 (6th Cir. 2006).

Plaintiff's allegations establish that he has been evaluated and received medication for his condition. He also received light duty work detail for as long as the doctor found it necessary. Although Plaintiff is dissatisfied with his treatment, his factual allegations demonstrate that the medical staff was not indifferent to his medical needs. Plaintiff's disagreement with the treatment he received is insufficient to establish a violation of the Eighth Amendment.

### III. Conclusion

For the reasons set forth above, the Court concludes that Plaintiff has failed to state a claim for which relief may be granted.

Accordingly,

**IT IS ORDERED** that Plaintiff's Complaint is **SUMMARILY DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). The Court concludes that an appeal from this order would be frivolous and therefore cannot be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 445, 82 S. Ct. 917, 921 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997). Therefore, Plaintiff may not proceed without prepayment of the appellate fees and costs if he files an appeal. 28

U.S.C. § 1915(a)(3).

Dated:   May 16, 2011              s/PATRICK J. DUGGAN
                                   UNITED STATES DISTRICT JUDGE

Copies to:

Charles Edward Lattimore, #711352
G. Robert Cotton Correctional Facility
3500 N. Elm Road
Jackson, MI 49201