UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES EDWARD LATTIMORE,
    Plaintiff,

Case No. 11-11403

v.

Honorable Patrick J. Duggan

PRISON HEALTH SERVICES,
MICHIGAN DEPARTMENT OF
CORRECTIONS, LISA REEVES, M.D.,
BENSON MACKALL, BARBRA
FRAGER, LIADI SULEMAN, and SWIFT,
    Defendants.
_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on July 15, 2011.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                  U.S. DISTRICT COURT JUDGE

Charles Lattimore ("Plaintiff"), a state prisoner currently confined at the G. Robert Cotton Correctional Facility in Jackson, Michigan filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. On May 16, 2011, the Court dismissed his Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted. Presently before the Court is Plaintiff's motion for reconsideration, filed on June 13, 2011. For the reasons stated below, the Court denies Plaintiff's motion.

The Court grants a motion for reconsideration only if the movant demonstrates that the Court and the parties have been misled by a palpable defect and that correcting the

defect will result in a different disposition of the case. E.D. Mich. LR 7.1(h)(3). A "palpable defect" is one that is "obvious, clear, unmistakable, manifest, or plain." *Fleck v. Titan Tire Corp.*, 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001). "[T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(h)(3). The purpose of a motion for reconsideration is not "to give an unhappy litigant one additional chance to sway the judge." *Pakideh v. Ahadi*, 99 F. Supp. 2d 805, 809 (E.D. Mich. 2000) (quoting *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977)).

In his motion, Plaintiff argues that summary judgment is premature, as he has not yet been afforded discovery. Plaintiff confuses summary dismissal pursuant to 28 U.S.C. §§ 1915(e) and 1915A with a grant of summary judgment pursuant to Federal Rule of Civil Procedure 56. In determining whether to dismiss a suit pursuant to §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), the Court applies the standard used in evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "[T]o survive scrutiny under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Id.* at 471 (quoting *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 1965 (2007)). In deciding whether the plaintiff has set forth a "plausible" claim, the court accepts the factual allegations in the complaint as true.

*Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965. Plaintiff therefore does not need evidence to advance his claims at this stage; he simply must allege facts upon which the Court could find the defendants liable for misconduct. Discovery is irrelevant to this inquiry.

Plaintiff has failed to state a plausible claim in this case. His allegations establish that he has been evaluated by prison medical staff and that he received medication for his condition. *See* Compl. ¶¶ 23, 45. Plaintiff is dissatisfied with the treatment of his pain, but a difference of opinion as to the proper course of medical treatment does not constitute cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 106-07, 97 S. Ct. 285, 292-93 (1976). Thus, Plaintiff has failed to state a claim for relief under the Eighth Amendment to the United States Constitution.

The Court has carefully reviewed Plaintiff's arguments, but concludes that it did not err in summarily dismissing the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Because Plaintiff has made no showing of a palpable defect, his motion for reconsideration must be denied.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for reconsideration is **DENIED**.

                                          s/PATRICK J. DUGGAN
                                          UNITED STATES DISTRICT JUDGE

Copy to:
Charles Lattimore, #711352
G. Robert Cotton Correctional Facility
3500 N. Elm Road
Jackson, MI 49201